## CHAPMAN *v.* CHAPMAN.

Decided March 5, 1892.

1. *Vendor's lien—Waiver—Mortgage.*

Where a vendor of land takes a mortgage, invalid by reason of a defective acknowledgment, as security for the purchase money, no presumption arises of a waiver of his equitable lien therefor.

2. *Vendor's lien—Against whom enforced.*

The lien of a vendor may be enforced against an attachment creditor of the vendee whose debt existed before the sale of the land.

APPEAL from *Lonoke* Chancery Court.

DAVID W. CARROLL, Chancellor.

*U. M. & G. B. Rose* and *Geo. Sibley* for appellant.

1. The Rumbys are not purchasers of the lands; they had an attachment against Lewis W. Chapman, and only entitled to only take the interest he himself had. 27 Ark., 98; 31 *id.*, 253.

2. Though none is reserved in the deed, Mrs. Chapman had a vendor's equitable lien for the purchase money. 31 Ark., 728; 33 *id.*, 246; 33 *id.*, 310.

3. It is ordinarily true that the taking of a mortgage is a waiver of the vendor's lien, but *conventio vincit legem.* But where the mortgage is void the rule is different; there is nothing to supersede the law, and the vain attempt to do so leaves the position of the parties unchanged. See 30 Ind., 24; 53 Miss., 484; 6 Ind., 484; 17 Ohio, 500; 49 Am. Dec., 478; 60 Ind., 64; 28 Am. Rep., 651; 11 S. W. Rep., 466; 84 Ind., 485; 106 Ind., 558; 16 Minn., 306; 5 Hun, 180; 9 Paige, 211; 52 Mo., 96; 65 Iowa, 374; 23 Iowa, 277; 9 Wis., 463. All these cases proceed on the principle that when the vendor has, under a misconception, done some act which, but for the misconception, would have operated as a waiver of the lien, he will not be held to have lost his lien. See 25 Ark., 510; 46 Ark., 267.

4. The mortgage, though defectively acknowledged, was good as an agreement for a mortgage. 33 Ark., 227.

5. This was a sale for money, which the purchaser had the privilege of paying by supporting his parent, and in such cases the lien can be enforced. 51 Ark., 433; 36 *id.*, 162; 47 *id.*, 493.

6. Before Rumbys' execution resulted in the acquisition of a title by them, the mortgage was properly acknowledged and filed and became effective. 30 Ark., 110; 42 Ark., 66.

*Atkinson & England* for appellees.

1. The vendors *intended* to rely upon the mortgage and waive the vendor's lien. The acceptance of a mortgage is such a waiver; and the lien once waived voluntarily, and in the absence of fraud, cannot be restored by a court of equity. 3 Mo. App., 515; 33 Ark., 67. A failure of the security does not change the rule. 23 Cal., 633; 12 *id.*, 301; 26 Wis., 540; 82 Ill., 26; 25 Ark., 514; Jones on Liens, sec. 1088, and cases; 87 Ala., 270; 2 Washb., Real Pr., 96; 2 Warville on Vendors, 713.

2. A vendor's lien cannot be sustained against creditors of the vendee who obtained liens on the land before the lien of the vendor is asserted. 34 Iowa, 501; 46 Ark., 271; 33 Ark., 244; 2 Warvelle on Vendors, 699; 7 Wheat., 46; 3 Leigh, 597; 98 Am. Dec., 200; 49 Mo., 64; 10 Humph., 376; 50 N. Y., 655; 54 Ark., 179.

HUGHES, J. The appellant, by absolute deed acknowledging the receipt of the purchase money, conveyed to the appellee, Lewis W. Chapman, certain lands, and took from him a mortgage upon the same lands, conditioned that, in consideration of the conveyance, he would support the appellant and her husband during their lives, or in default would pay her $2000 as the purchase price, in annual installments of $200, with interest at the rate of 10 per cent. per annum. The appellee, Lewis W. Chapman, failed to support the appellant and her husband. The appellee, J. H. Hicks, as sheriff of Lonoke county, levied an attachment upon the lands as the property of said Lewis Chapman, to satisfy a debt of his to M. & J. Rumby, who obtained a

judgment therefor and an order condemning the lands to sale. The sheriff was proceeding to execute the order of sale, when the appellant filed her complaint in equity to enjoin the sale and to assert a vendor's lien upon the lands. M. & J. Rumby were made defendants on their motion, answered the complaint and set up their attachment and judgment, and claimed a prior right to have their debt satisfied out of the lands.

The acknowledgment of the mortgage was defective, and though it was recorded prior to the attachment, it was not entitled to record and constituted no lien upon the lands therein conveyed, as against third parties. *Main* v. *Alexander*, 9 Ark., 112; *Jacoway* v. *Gault*, 20 Ark., 190; *Hannah* v. *Carrington*, 18 Ark., 105.

1. When vendor's lien not waived by taking mortgage.

The appellant claimed the right to assert a vendor's equitable lien for the purchase money, but a decree was rendered against her and for the sale of the lands to satisfy the debt of M. & J. Rumby, from which she appealed. Had she the right to assert a vendor's lien under the circumstances as against M. & J. Rumby? Did she waive her lien by taking the mortgage?

In the absence of an express waiver of a vendor's equitable lien for unpaid purchase money of land, or circumstances which show that it was his intention to waive it, the lien exists. " If under all the circumstances it remains in doubt, then the lien attaches." Generally, the acceptance of security other than the obligation of the vendee is evidence of intention to waive the vendor's lien and rely upon the other security. But this is only *prima facie* evidence of waiver. Each case must be determined upon its particular circumstances. Where the lien is intentionally displaced or waived by consent of the parties, fairly given and obtained, it ceases to have existence. *Richardson* v. *Green*, 46 Ark., 270; *Harris* v. *Hanks*, 25 Ark., 510; *Stroud* v. *Pace*, 35 Ark., 103; *Mackreth* v. *Symmons*, White & Tudor's Leading Cases in Eq., vol. I., pt. 1, p. 447; *Gilman* v. *Brown*, 1 Mason, 192.

Had the mortgage in this case been valid, there would be strong, if not conclusive, evidence that in taking it the vendor waived her equitable lien, intending to rely upon the mortgage as her security for the payment of the purchase money. But it cannot be supposed that she intended or consented to waive her equitable lien and rely upon a mortgage that could be no security as against third persons.

It is evident that she did not intend or consent to waive her vendor's lien until the execution of a valid mortgage, which would be good against third parties when placed upon record. This she did not receive. Her intention to waive her vendor's lien did not take effect, and the lien still exists so as to cut off the rights of attachment—and judgment—creditors with notice of it.

As early as the case of *Shall* v. *Biscoe*, 18 Ark., 144, it was decided that the execution of an absolute conveyance, in which the receipt of the purchase money is acknowledged, is not a waiver of the vendor's lien, and that " the vendor of land has, in equity, a lien for the purchase money, not only against the vendee himself, his heirs and other privies in estate, but also against all subsequent purchasers having notice that the purchase money remains unpaid; and this, though there is no special agreement that there shall be a lien upon the land for the purchase money."

*2. Against whom vendor's lien enforced.*

In discussing this equitable lien in *Mayes* v. *Hendry*, 33 Ark., 246, this court, through Judge Eakin, said : " It is not easily comprehensible what is meant by saying that it is neither a *jus ad rem* nor a *jus in re*, and that it has no existence until a bill be filed to enforce it. It is plainer language to say that it does not bind innocent purchasers, before *lis pendens*, and that it is merely personal to the vendor, and does not pass to the assignee of the debt. Within its scope, however, as carefully guarded by courts of equity, it is a specific lien co-existent with the debt—binding from the beginning, as well before suit as after, all who take the land with notice."

The appellees, M. & J. Rumby, do not stand in the attitude of *bona fide* purchasers. In fact they are not purchasers at all. They have paid nothing, and it does not even appear that their debt was created after the sale of the land to their co-defendant, Lewis W. Chapman. They have no equity, then, equal to the equity of the appellant. They must be postponed, therefore, in the collection of their debt out of this land, until the purchase money due appellant is paid.

The decree is reversed, with directions to the chancery court to render a decree for the appellant in accordance with this opinion.