# Collier *v.* White.

## *Detinue.*

1. *Mortgage securing subsequent advances valid* —A provision in a chattel mortgage reciting that it secures a note and any other amount the mortgagor may owe the mortgagee in the year it is made, is valid and secures every character of indebtedness by the former to the latter arising during the year.

2. *Award fixing amount of mortgage debt does not discharge lien of mortgage* —An award rendered on a submission of a controversy as to the amount secured by a mortgage which merely fixes the amount of the debt, does not destroy or impair the security for the debt.

3. *Plea averring that party had a lien on property is a legal conclusion.* A plea by the defendant in a suit in detinue alleging that he had a prior lien on the property sued for, is insufficient on demurrer for failing to state the facts constituting the lien, and that the mortgagee had notice of such lien at the time of acquiring his title.

4. *Estoppel, declarations of arbitrator as to effect of award do not estop parties.*—Declarations made by arbitrators in the presence of the parties as to the legal effect of an award, call for no reply by them and do not estop them from claiming under the award.

5. *Form of judgment in detinue when plaintiff's mortgage debt is less than value of property sued for.*—In an action of detinue when the jury assess the value of the property sued for at a sum greater than the amount of the mortgage debt, the court should, by its judgment, recite that fact and adjudge that the plaintiff recover the property sued for, or the amount of the mortgage debt.—(Acts 1888-9, p. 14.)

APPEAL from Marshall Circuit Court.

Tried before Hon. JOHN B. TALLY.

Detinue by Thomas M. White against Jesse W. Collier, to recover a mule. The third plea of defendant set up that he had a lien on the property sued for, which was prior to the plaintiff's lien; the fourth plea set up that the plaintiff and the original owner of the mule submitted certain disputes between them relative to the amount due on a mortgage conveying the mule sued for to certain arbitrators, who awarded that $48 was due plaintiff, and such award discharged plaintiff's lien on the mule. The grounds of demurrer assigned to the third plea were that it did not show the character of the lien, how acquired, or that plaintiff had notice thereof at the time he acquired his mortgage. The fourth plea was demurred to because it did not show that the question of title to the mule was submitted to, or passed on by the arbitrators, nor connect the mortgagor with the defendant. The court sustained these demurrers, and

[Collier'v. White.]

the defendant then filed amendments to these pleas. Plaintiff set up in replication to the fourth plea, that the question of indebtedness upon·the mortgage debt was submitted to ·the arbitrators, who awarded that $48 was due on said mortgage, which amount was yet unpaid.

The facts relative to the submission of the cause to arbitration, and the ruling thereon, are sufficiently stated in the opinion. There was testimony for the defendant tending to show that after the award was made, some of the arbitrators said in the presence of the plaintiff that the award settled the mortgage ; and the defendant in this suit testified that after this was said he bought the mule from the said U. O. Collier. Among the charges requested by the plaintiff, and to the giving of each of which the defendant separately excepted, were the following : " (1.) If the jury believe from all the evidence that U. O. Collier still owes Thomas M. White a balance due on the mortgage put in evidence by White, the plaintiff should recover. (2.) If the amount due by U. O. Collier during the year 1889 was ascertained by the arbitrators, this amount would be a debt secured by the mortgage offered in evidence, and, if this amount was still unpaid at the time this suit was brought, the verdict of the jury should be for the plaintiff. (3.) The court charges the jury that if the evidence shows to their reasonable satisfaction, that the matters of indebtedness submitted to the arbitrament of the three persons named were matters of indebtedness accruing during the year 1890, then the plea of the defendant that other matters than the mortgage indebtedness were submitted to such arbitrators is not sustained, and their verdict should be for the plaintiff," The defendant asked several charges, in which he requested the court to instruct the jury that if the arbitrators took into account any other matters or damage not comprised in that mortgage, and entered judgment against said U. O. Collier therefor, then the jury must find for the defendant. The court refused each of said charges, and the defendant separately excepted thereto. Among the other charges requested by the defendant, and to the refusal to give each of which the defendant separately excepted, were the following : "(g.) If the jury believe from the evidence that the arbitrators, or one of them, at the time they read the award, stated that the mortgage had been taken into the account, and was to be delivered up to Collier, and White was present, and, in the presence and hearing of defendant, said he would bring the mortgage up, and defendant bought the mule from Collier in good faith, and paid a fair price for him, without any

[Collier v. White.]

notice or circumstance to put him on notice that White claimed the mule under his mortgage, the verdict, on this state of facts, should be for the defendant. (h.) If the jury believe from the evidence that White and defendant were present at the time the award was read, and one or more of the arbitrators remarked, in the hearing of the plaintiff and defendant, that the mortgage was taken into their award and was given up, the plaintiff made no reply or objection, and after that defendant bought the mule, in good faith, and paid full value for him, in cash, and at the time of his purchase and payment of the money, he had no notice or circumstance to put him on notice, then the verdict should be for the defendant." There was judgment for the plaintiff, and the judgment entry recites as follows : "It is therefore considered by the court that plaintiff have and recover judgment against the defendant for the mule sued for, to-wit, one iron-gray mare mule, or the amount of the mortgage debt, as hereinafter mentioned, to-wit, the sum of $48, and interest thereon from the 23rd day of January, 1889, with alternate value of one hundred dollars, and the further sum of fifty dollars, the damages by the jury aforesaid assessed," etc. The rendition of the judgment in this form constitutes one of the assignments of error.

BROWN & STREET, for appellant.

LUSK & BELL, for appellee, cited as to the mortgage, 61 Ala. 406 ; 1 Brick. Dig., p. 122, § 86 ; 15 Am. & Eng. Encyc. 755 ; that the award was conclusive, 1 Am. & Eng. Ency. 711.

COLEMAN, J.—The plaintiff White sued Jesse W. Collier in detinue to recover a mule. On January 28th, 1889, one U. O. Collier, son of defendant, and then the owner of the mule, executed a mortgage to plaintiff to secure a note for $75, "and any other amount we may owe him in 1889." During the year, but after the law day of the mortgage, a controvesy having arisen between the mortgagee and mortgagor, by parol agreement arbitration was resorted to for the settlement of disputed facts. The testimony is in conflict as to exactly the extent of the matters and questions referred to the arbitrators for their decision. On the 23rd of November, 1889, the arbitrators made their award in writing as follows : "We, the arbitrators chosen, and sworn, to settle the controversy between U. O. Collier and T. M. White, after weighing all the evidence submitted in the case, we find in favor of T. M. White, $48.00." After providing

[Collier v. White.]

for the payment of the costs, the award was made returnable to W. H. Walker, J. P.   It is contended that the arbitration and award divested the legal title to the mule out of the mortgagee.   The contention is without merit.   There is nothing in the award itself which indicates such an intention, and much less is there a decision in terms to that effect. The judgment of a court fixing definitely the amount of a claim secured by a mortgage does not impair the security of the debt, and an award which merely fixes the amount due, can not be held to destroy the mortgage security for the debt.

It is contended that claims not embraced within the mortgage were submitted by plaintiff to arbitration, and the general award in favor of plaintiff for $48 vitiated the mortgage. The record does not sustain the contention, even conceding for the purpose of the argument as sound the proposition upon which the contention is based.   The court also was careful to instruct the jury, that if claims were submitted to the arbitrators by the plaintiff not involved in and covered by the mortgage, they should find the issue for the defendant.   The provision of the mortgage "to secure this note and any other amount we may owe him in 1889," is broad enough to cover every character of indebtedness of which there is evidence in the record, whether for goods sold defendant or for damages accruing to plaintiff for the failure of the defendant to cultivate plaintiff's land according to contract. If these matters arose during the year 1889, and constituted valid claims, they were included in and secured by the mortgage.

There was no error in sustaining plaintiff's demurrer to special pleas three and four.   We are not called upon to consider the correctness of the ruling of the court upon plaintiff's demurrers to pleas three and four after they were respectively amended.   The plaintiff is not complaining in this court, and whatever of merit there was in these pleas after being amended, was fully met by plaintiff's replication.

There is nothing in the question of estoppel.   Declarations made by arbitrators as to what was before them, or as to the legal effect of an award, called for no reply from either of the parties, and their silence can not be construed into an assent of the truth of the statement. The award itself is the evidence of their finding and conclusion.   The demurrer to the replication to the third and fourth pleas was properly overruled, and the plaintiff's demurrer to the rejoinder to the replication to fourth plea was properly sustained.

It is assigned as error, that the judgment entry is not in Vol. 97.

accordance with the act of December 12th, 1888, found in the Acts of 1888–9, on page 14, which provides, that if "the suit is by a mortgagee or his assignee against the mortgagor or one holding under him, if the mortgage debt is ascertained to be less than the value of the property sued for, then such judgment must be for the property sued for, or the amount of the mortgage debt." It is evident that it was the intention of the court to comply with this statute, and the interest of the defendant seems to be fully protected.

The judgment in form will be here corrected, and as corrected, the judgment will be affirmed.

Corrected and affirmed.