(88 South. 449)

## JOHNSON et al. v. FIRST NAT. BANK OF ANDALUSIA. (4 Div. 909.)

(Supreme Court of Alabama. April 7, 1921.)

1. **Mortgages** &#8258;319(2)—**In an ejectment action against mortgagors after foreclosure, admission of evidence of other advances by mortgagee to explain that credits did pay mortgage, held proper.**

In an action in ejectment, where the defendants had owned the land which had been sold under foreclosure of a mortgage which defendants claimed had been paid before foreclosure, and where the mortgage was given for advances, *held* that the court did not err in permitting the mortgagee to prove other debts, and the taking of other securities as explanatory of credits for the purpose of showing that the mortgage had not been thereby paid.

2. **Evidence** &#8258;376(5) — **Plaintiff's statement that he believed account was correct, and had gone over items with defendant who did not object, held admissible.**

In an ejectment action involving the question whether the defendant mortgagors had paid the mortgage given for advances before foreclosure, where an account between mortgagors and mortgagee was involved, it was not error to refuse defendants' motion to exclude plaintiff's testimony that the account was correct where witness merely stated that he believed the account was correct, and the court let it in as a witness' statement that he had gone over the account with the defendants, who did not object to it.

3. **Evidence** &#8258;219(1) — **Listing of account against mortgagors in mortgagee's bankruptcy does not affect one to whom mortgagee had mortgaged the land after purchasing it at foreclosure sale.**

In an ejectment action against mortgagors, defended on the ground that the mortgage had been paid before foreclosure, where the land, on foreclosure sale, was bought by one of the members of the mortgagee firm, and mortgaged to the plaintiff bank, it was not error to sustain an objection to a question to a witness that the account was listed in the bankrupt court, purchaser having gone into bankruptcy, since it may have been listed without the knowledge or consent of the bank, and such listing could not affect the bank's security.

4. **Trial** &#8258;253(5)—**An instruction as to mistake in executing mortgage held erroneous as ignoring fraud.**

In an ejectment action against mortgagors who claimed payment of mortgage before foreclosure, an instruction that if defendants thought they were signing a mortgage of $350, instead of $950, the jury should find for defendants, was properly refused, because it pretermits any fraud on the part of any one in causing the defendants to so think.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

This is an action of ejectment originally begun by R. G. Wood, against Freeman Johnson and wife, but later the First National Bank of Andalusia was substituted by agreement of parties as party plaintiff and recovered judgment for the land, and the defendants appeal. Affirmed.

Freeman Johnson and wife executed to the firm of Duggan, Wood & Co., composed of R. G. Wood, W. R. Duggan, C. A. O'Neal, and William Folsom, a mortgage ostensibly for $950, but claimed by Johnson to be $350. This mortgage was foreclosed, and the property bought by R. G. Wood, who reconveyed to the firm, and after several transfers the property was again conveyed to R. G. Wood, who, with his wife, mortgaged the land to the First National Bank of Andalusia, together with other property, to secure a large indebtedness. Pending the suit in ejectment, Wood went into bankruptcy, and it was then that it was agreed between the parties that the First National Bank should become the party plaintiff. The first mortgage executed by Johnson to Duggan, Wood & Company, bears date December 8, 1909, and the foreclosure was had April, 1913. The statement of credits furnished Johnson by Duggan, Wood & Company, showing an aggregate sum paid, contained items of credit beginning March 6, 1909, and ending January 4, 1913.

Charge 5, refused to the defendants, is as follows:

5. If the defendants thought that they were executing a mortgage for $350 in December, 1909, instead of $950, you will find for the defendants.

E. O. Baldwin, of Andalusia, for appellants.

Mortgage to secure advancements to be made within the time limited by the mortgage will not be available as security for advances made after that time. 43 La. Ann. 1042, 10 South. 376; 27 Cyc. 1073; 146 Ky. 1, 141 S. W. 742, Ann. Cas. 1913C, 563; 19 R. C. L. 296. The fact that the bank's account against Wood was listed in the bankrupt court was competent. 203 Ala. 142, 82 South. 172. Charge 5 should have been given. 174 Ala. 130, 56 South. 720.

Powell, Albritton & Albritton, of Andalusia, for appellee.

Counsel discuss the assignments of error, as insisted on by appellant; but they cite no authority in support thereof.

ANDERSON, C. J. This is an action of ejectment, and the only controverted ques-

---

tions are whether or not a certain mortgage given by the appellants December 8, 1909, for $950, was intended to be for $350 instead of $950, and the payment vel non of same before the sale of the land thereunder on the 3d day of April, 1913. If the mortgage had been paid prior to the sale thereunder, the sale was void, and the purchaser acquired no title. If said mortgage had not been paid in full at the time of said sale, then the purchaser acquired a title to the land, and this appellee, holding under said purchaser, was entitled to recover. Under the evidence, these questions were properly submitted to the jury, resulting in a verdict for the plaintiff.

[1] We do not question the soundness of the rule of law, as contended for by appellants' counsel, that a mortgage to secure advances and credits to be made within a certain limited time will not be available as a security for any made after the time designated, or that the mortgage in question can stand as a security for advances made by the mortgagees to the mortgagors subsequent to the year 1909. The defendants, however, attempted to establish considerable credits, covering several years subsequent to the year 1909, for the purpose of showing that the 1909 mortgage had been paid before the foreclosure of same in 1913, and the trial court did not err in permitting the mortgagee to prove other debts, and the taking of other securities, as explanatory of the credits, and for the purpose of showing that the 1909 mortgage had not been thereby paid. Nor was there error in permitting Wood to testify as to the item paid Dean on a mortgage given by the defendants the' previous year, as this went to explain and establish the indebtedness and amount of same between Duggan, Wood & Co. and the defendant Johnson.

[2] The witness Wood did not testify positively, of his own knowledge, that the account was correct, but stated that he thought it was, and gave his connection with same, and stated that he went over the same with the defendant, who did not deny or dispute same, and the trial court cannot be put in error for refusing appellants' motion to exclude the statement that the account was correct because the witness did not make the entries. The court let it in in connection with the statement of the witness that he went over the itemized account with the defendant, and he did not object to same. It was a question for the jury as to whether or not the mortgage had been paid before the foreclosure of same, and the trial court did not err in refusing the general charge requested by the defendants.

[3] The trial court did not err in sustaining the objection to the question to the witness Henderson that the account was listed in the bankrupt court. It may have been listed by the bankrupt without the knowledge or consent of the bank, which said listing could not affect its security, and the witness Henderson testified that the security had never been surrendered, and was still held by him for the bank.

[4] There was no error in refusing the defendants' requested charge 5. If not otherwise faulty, it pretermits any fraud on the part of any one which may have caused the defendants to think that they were signing a mortgage for $350 instead of $950. Moreover, the mortgage was duly acknowledged before a proper officer, and the recital that the mortgagors were informed of the contents of the instrument is, in no sense, impeached or contradicted by the evidence, even if the same was permissible, which we do not decide.

Finding no reversible error in the record, the judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.