(90 South. 35)

## NIX v. HOPPER. (7 Div. 651.)

(Court of Appeals of Alabama. June 30, 1921.)

**Chattel mortgages ⚭110—Mortgage held to secure notes and mortgage executed subsequent to date of maturity.**

A mortgage securing the payment of a note due October 15, 1915, "and all such other sums as I may owe him on account, notes, or otherwise, on or after the said 15th day of October, 1915," secured the payment of an indebtedness evidenced by a note and mortgage executed June 22, 1916, by mortgagor to a third party, and indorsed to mortgagee.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by W. Hopper against J. E. Nix. Judgment for plaintiff, and defendant appeals. Affirmed.

W. J. Boykin, of Gadsden, for appellant.

The Royster Guano Company mortgage was not covered by or included in the blanket clause, and was improperly admitted in evidence. 68 Ala. 389; 92 Ala. 508, 9 South. 315; 82 Ala. 183, 1 South. 77; 74 Ala. 285; 27 Cyc. 1073.

Dortch, Allen & Dortch, of Gadsden, for appellee.

The blanket clause covered and included the Royster mortgage. 97 Ala. 615, 12 South. 385. In any event, no proper exception or objection was reserved to the introduction of the mortgage. 17 Ala. App. 62, 81 South. 840.

BRICKEN, P. J. The plaintiff, Hopper, sued defendant, Nix, in detinue to recover the possession of a mule.

Plaintiff based his right to recover upon a mortgage executed May 1, 1915, to secure the payment of a note of $73.62, due October 15, 1915, "and all such other sums as I may owe him on account, notes or otherwise, on or after the said 15th day of October, 1915."

The defendant pleaded the general issue, and suggested that upon the trial of this cause the mortgage debt be ascertained. There was verdict and judgment for the plaintiff, from which the defendant appealed.

On June 22, 1916, Nix gave his note for $41, payable October 1, 1916, to F. S. Royster Guano Company, in which note there was incorporated a mortgage on the crops of Nix. On this note there was this memorandum: "Indorsement: Pay to order of W. Hopper. F. S. Royster Guano Company, by J. W. Young, Agt."

The main question in this case raised by the assignment of errors is whether the blanket clause of the mortgage of May 1, 1915, covers and secures the payment of the note and mortgage of June 22, 1916, made to Royster Guano Company, and indorsed to the plaintiff. The evidence shows that at the time of the trial neither the note and mortgage of May 1, 1915, nor the note and mortgage of June 22, 1916, had been paid, and that plaintiff was the owner of both these mortgage debts.

Under our decisions the blanket clause of the mortgage of May 1, 1915, operated to secure the payment of the indebtedness evidenced by the note and mortgage of June 22, 1916. Collier v. White, 97 Ala. 615, 12 South. 385.

The other assignments of error are without merit. The defendant reserved no exception to the proof offered by plaintiff of his ownership of the indebtedness originally due F. S. Royster Guano Company.

The judgment of the Circuit Court is affirmed.

Affirmed.