41 So.2d 401

### CATES et ux. v. WHITE.
#### 8 Div. 458.

Supreme Court of Alabama.
June 23, 1949.

Russell W. Lynne, of Decatur, for appellants.

Malone & Malone, of Athens, for appellee.

## LIVINGSTON, Justice.

Bill in equity to reform a mortgage and to foreclose. Demurrer was interposed to the bill of complaint and overruled. The respondents who are the mortgagors appeal.

In substance the bill alleges that the respondents, husband and wife, requested complainant to purchase the property involved for them from another; that he did so and paid the vendor therefor the sum of $3,000.00; that the vendor, at the request of complainant and respondents, transferred the property directly to respondents who executed and delivered to the complainant a mortgage to secure the payment of the sum of $2000.00, the unpaid purchase price advanced by complainant to the vendor. A copy of the mortgage is attached to and made a part of the bill of complaint. From the attached copy of the mortgage it appears that the scrivener who prepared the mortgage for the parties used a printed form containing blanks to be filled in. It is further alleged that many of these blanks were not filled in; "that the defendants undertook to carry out their agreement to execute a mortgage to the complainant to secure the sum of $2,000.00 and did sign the mortgage which is made an exhibit to this bill of complaint which said mortgage was prepared by a person unskilled in preparing mortgages and the same was acknowledged generally before a notary public who likewise was unskilled in matters of this kind; that said mortgage was improperly and incorrectly drawn and filled out as fully appears from the exhibit and these errors and mistakes were mutual and resulted from a lack of knowledge on the part of the person drawing the mortgage and on the part of the complainant and likewise on the part of the defendants and each of them; that they knew nothing about the proper manner and way to prepare mortgages, but it was the intention of the complainant to take a valid mortgage and was also the intention of the defendants to execute a proper and valid mortgage to secure the aforesaid sum of $2,000.00."

As stated by appellants "the main insistence on this appeal is that the separate acknowledgment of the wife (appellant: Christine Cates) is in no way attempted to be filled in or acknowledged. There just is not a separate acknowledgment of the wife, and it is our contention that this vitiates the entire instrument as a mortgage."

The cases cited in support of appellants' theory are to the general effect that a conveyance of the homestead must be acknowledged by the wife separate and apart from the husband. But these authorities are not applicable here. In the first place, the bill does not show that a homestead is involved and the demurrer attempting to raise the point is a speaking demurrer. In the second place the bill affirmatively shows that the mortgage is a purchase-money mortgage, and the homestead claim cannot prevail against a purchase-money mortgage given contemporaneously with the purchase. Moses Brothers v. Home Building & Loan Ass'n, 100 Ala. 465, 14 So. 412; King et al. v. Chandler, 213 Ala. 337, 105 So. 184; Coon v. Henderson, 240 Ala. 492, 199 So. 704; section 627, Code of 1940, Tit. 7.

Mention is made in brief that the due date of the mortgage is left blank. Section 11, Title 39, Code of 1940, provides that an instrument in which no time is expressed for payment is payable on demand.

The jurisdiction of the Limestone County Court of the matters here involved is not open to question. See Act creating that court, particularly sections 1, 2 and 13, Local Acts 1947, page 113.

Affirmed.

BROWN, FOSTER and SIMPSON, JJ., concur.