TORBERT, Chief Justice.
This is an appeal from the judgment issued by the Franklin County Circuit Court in a suit in which Lois Ford, the plaintiff, sought to quiet title to certain property. In its answer to the complaint, the First State Bank of Franklin County, the defendant, asserted that it had an interest in the property based upon a mortgage executed to it by the plaintiff and her husband and a mortgage foreclosure deed. The trial court issued a judgment quieting title in the plaintiff, and the defendant appeals.
The following facts were developed at the trial of this case. On January 16,1960, the plaintiff and her husband were deeded certain real estate as tenants in common. This property was mortgaged by the plaintiff and her husband to the defendant on April 11, 1981, as part of the security for a loan in the amount of $16,034.00. This note, numbered 4276, was signed by both the plaintiff and her husband. On the date this note became due, December 11, 1981, the plaintiff and her husband signed a renewal note to the defendant in the amount of $16,000.00. The note numbered 4276 was then delivered to the plaintiff and her husband by the defendant. The second note, numbered 6845, stated that it continued to be secured by the same mortgage. On July 15, 1982, the day after this second note became due, the plaintiff’s husband executed a third note to the defendant, numbered 8919, in the amount of $72,-186.90. This third note combined the $16,-000.00 debt owed by the plaintiff and her husband and a debt owed solely by her husband. The third note was not signed by the plaintiff. It contained an interest rate of 1% more per annum than the note numbered 6845, and was secured by, in addition *408 to the mortgage on the property and the items of collateral from the debt owed solely by the plaintiff’s husband, one additional item of collateral. The second note, numbered 6845, was delivered to the plaintiffs husband on or around July 15, 1982.
When the third note was not paid, the defendant foreclosed on the mortgage executed to it by the plaintiff and her husband. The defendant purchased the property at a public sale. The plaintiff then filed this action to quiet title as to her undivided one-half interest in the property which was the subject of the mortgage. The plaintiff contended, and the trial court agreed, that the note from her husband to the defendant was accepted as payment for the note numbered 6845, thereby extinguishing the defendant’s rights in her undivided one-half interest in the property.
Since the testimony, in this case was presented to the trial court ore tenus, its findings will not be disturbed unless they are palpably wrong or clearly unjust. Barrett v. Odom, May & DeBuys, 453 So.2d 729, 732 (Ala.1984). With this principle of law in mind, we find that the trial court’s findings are not palpably wrong and affirm its decision.
The defendant’s only contention on appeal is that the trial court was in error in determining that it did not retain any rights to the plaintiff’s one-half interest in the property. In support of this contention, the defendant relies on the case of Martin v. First National Bank of Opelika, 279 Ala. 303, 184 So.2d 815 (1966). In that case, a husband and wife executed a mortgage to the Bank as security for a promissory note in the amount of $2,000.00. Over a period of time, the couple had continuously paid down the amount owing on the note and had renewed it on each due date. When the balance owed on the note was $400.00, a payment of $300.00 was made and the husband, without the wife’s signature, executed a renewal note for $100.00. The following month, the husband borrowed another $2,000.00 from the Bank, receiving $1,900.00 in cash and applying the remaining $100.00 of the prior note to this loan. The wife also did not sign this note. When this last note became due and $1,000.00 remained unpaid, the Bank sought to foreclose on the mortgage. The wife filed suit to prevent this from happening, on the basis that she did not know of her husband’s additional loan and had not signed the second note. This Court held that the wife remained liable regardless of the fact that she had not consented to the last loan nor signed the last note.
Although the decision in Martin, supra, appears to resolve the issue, it is distinguishable in two respects. First, the Court in Martin decided that the wife’s interest in the property remained subject to liability because of a “future advance clause” found in the mortgage. The Martin Court stated at 279 Ala. 308, 184 So.2d at 819:
“The original mortgage was given to secure the stated indebtedness of $2,000 and ‘to secure any other amount that the mortgagee or his assigns may advance to the mortgagor before the payment in full of the mortgage indebtedness.’ [Emphasis in Martin.]”
Then, quoting the “leading case” in Alabama on “future advance clauses,” First National Bank of Guntersville v. Bain, 237 Ala. 580, 582, 188 So. 64, 66 (1939), the Court added:
“But it is now the settled law of Alabama, and throughout this country, that clear and express provisions extending the security to other existing indebtedness or to future indebtedness between the same parties are given full effect.”
In the present case, there is no “clear and express provision” in the mortgage which secures future indebtedness. In the absence of such a provision, a mortgage for a specific debt cannot be used to secure any subsequent advances. See, Weatherwax v. Heflin, 244 Ala. 210, 218, 12 So.2d 554, 562 (1943). Therefore, the holding in Martin is not applicable to this situation.
A second reason why this case is distinguishable from Martin is because the *409 note numbered 8919 was specifically found by the trial court to be a new note and not a renewal of the previous note numbered 6845. In Martin, this Court referred to each note executed by the husband and wife as a “renewal” of the previous note, and noted that the original note remained in the possession of the Bank at all times. Martin, 279 Ala. at 306-07, 184 So.2d at 818. In the present case, the trial court’s final judgment stated the following:
“On July 15, 1982, when Defendant’s Exhibit 1 [note numbered 8919] was executed there was new and additional collateral given as security for the indebtedness, no specific reference was made as to the renewal of Loan # 4276 and the defendant bank gave a receipt to the plaintiff's husband showing that the balance due on Loan # 6845 was zero.
“The effect of defendant’s action was to create a new contract by which the old debt owed by plaintiff and her husband became extinguished and a new debt created between the defendant and William J. Ford [the plaintiff’s husband].”
Whether the execution of a note is a renewal of or payment for a previous note is a matter of the intention of the parties. Martin, 279 Ala. at 310, 184 So.2d at 821. In this case, the note numbered 8919, signed only by the plaintiff’s husband, contained new collateral and a higher interest rate than the previous note numbered 6845. Both the original note, numbered 4276, and the second note, numbered 6845, were delivered by the defendant to the plaintiff or her husband at some time around the due date of each note. Additionally, the note numbered 8919 did not expressly state that it was a renewal of the note numbered 6845. Therefore, under the ore tenus rule, we cannot say that the trial court’s finding that the note numbered 8919 was a new note is palpably wrong, and we will not disturb that finding on appeal.
After a review of the record and the cases cited by the defendant, we conclude that the findings of the trial court were not palpably wrong nor clearly unjust. Therefore, the judgment entered by the trial court in favor of the plaintiff is due to be affirmed.
AFFIRMED.
FAULKNER, ALMON, BEATTY and HOUSTON, JJ., concur.