# Carroll *et als. v.* Corbitt.

*Motion in Chancery Court to have Decree against Principal
and Surety declared Satisfied, where the Surety was Re-
leased on Paying part of Decree.*

1. *Release to one contractor is discharge of all at common law.*—At
common law, a release to one joint contractor operated a discharge of all, for
the reason that otherwise the creditor, after paying the debt, might sue him
who had been released, he being primarily liable, and there would be no
release at all.

2. *Effect of release under the statute; purpose of statute.*—Under section
3089 of the Code of 1876, releases must have effect according to the intention
of the parties. Such statute was enacted to relieve releases and other similar
instruments from the technical construction sometimes imparted to them at
common law.

3. *Same; release of surety on decree of final settlement of guardianship.*
Where a decree is rendered against a guardian and his surety, on a final set-
tlement of guardianship, and the surety is released by paying an amount
less than the decree, such release does not operate as a full discharge of the
principal, but he is entitled to a satisfaction of the decree *pro tanto*, and is
liable to reimburse the surety for the amount so paid.

APPEAL from the Chancery Court of Henry.
Heard before the Hon. B. B. McCRAW.

Wm. S. Corbitt, the appellee, was in 1863 appointed guar-
dian of Eliza Carroll, appellant, (who was a minor,) after
entering into bond with one John G. Holley and another as
sureties, and soon afterwards received from the administrator
of the ward's father's estate $2,200, in Confederate money,
as part of her estate. On December 4, 1870, said Eliza
Carroll and her husband, sold her interest in her father's es-
tate to one Lynn, who, in the name of Eliza Carroll, as next
friend, filed a bill against Corbitt and Holley, and prayed an
account of the assets received by Corbitt as such guardian.
In May, 1873, a decree was rendered against them for the
$2,200, with interest thereon from the date of reference, from
which an appeal was taken to this court, and the decree
affirmed on the fourth of February, 1874. On the ninth of
February, of said year, the said Holley, in consideration of be-

[Carroll et als. v. Corbitt.]

ing paid $1,000, obtained a release from all liability on account of said decree. Afterwards, Lynn's and Carroll's solicitors moved to set aside the release, and for judgment against Corbitt and Holley for their fees; at the same time, a motion was made by Corbitt and Holley to have satisfaction of the decree entered both as to Corbitt and Holley, because of the release to Holley. Both motions were granted. The causes being submitted together by consent, on the motions and evidence, the chancellor rendered his final decree, the following portion of which is assigned as error : "It is ordered that satisfaction of the original decree against defendants be granted, and that said decree, except as to the solicitor's fees,. be, and the same is, hereby satisfied as to both defendants, by reason of said compromise with, and release of, said defendant Holley by the complainant."

F. M. WOOD, for appellant.—The action of the chancellor in satisfying the decree as to the defendant, Corbitt,. was clearly erroneous. Corbitt's condition was in no wise changed, except as to his benefit—he can not complain. *David v. Malone*, 48 Ala. 428; *Jemison v. Governor*, 47 Ala. 399; *Klingensmith v. Klingensmith*, 31 Penn. 460; *Schock v.. Hiller*, 10 Barr (Penn.) 401; *Mortland v. Hines*, 8 *ib.* 265.

J. F. CORBITT, and W. C. OATES, *contra.*—1. When the decree was rendered, the debt became *one*, the bond being merged therein.—Chilton on Contracts, 680–82. And Corbitt and Holley were jointly and severally bound for its payment. Such being the case, the release of Holley also released' Corbitt.—*Boney v. Boney*, 29 Iowa, 448; *United States v. Thompson*, Gilp. 614; 2 Story on Contr. §§ 992, 996, 997; *Mason et al. v. Jonett's Administrator*, 2 Dana (Ky.), 107, and cases there cited.

2. When a joint judgment or decree is rendered against two or more defendants, a release to one will discharge the other.—2 Story on Contr. § 292; *United States v. Thompson, supra.*

BRICKELL, C. J.—1. The rule at common law generally was, that a release to one joint contractor operated a discharge of all, and the reason of the rule was, that otherwise the co-debtor, after paying the debt, might sue him who· had been released for contribution; and so, in effect, he would not be released at all.—2 Chitty on Contr. 1154. A release to a surety did not come within the rule, and operate a release·

of the principal, for the plain reason that he is primarily liable for the debt, not entitled to contribution from the surety.—*Scheck v. Miller*, 10 Barr, 401. The effect of a release was restrained by its terms, and the intention of the parties as expressed in it, and it was not allowed to deprive the creditor of pursuing other joint contractors if such was the intention at the time of its execution.—*Browning v. Grady*, 10 Ala. 999.

2. To relieve releases and other similar instruments from the technical artificial operation sometimes imported to them at common law, and to restrain them within the limit of the intention of the parties, the statute now declares they must have effect according to such intention.—Code 1876, § 3039.

3. The release given Holley was intended merely to relieve him from his liability as surety, and not as a payment or satisfaction of the decree against him and his principal. The decree was satisfied *pro tanto*, by the sum he paid, and he has a right to demand and compel the principal to reimburse him. Beyond partial satisfaction, and the discharge of Holley, the parties did not intend the payment and release should operate, and it can not be allowed larger operation. In decreeing it a satisfaction and discharge of the entire decree, the chancellor erred, and for the error the decree must be reversed, and a decree here rendered that the motion of the appellee, Corbitt, to have full satisfaction entered, be and the same is overruled, and he must pay the costs of this appeal, and of said motion in the Court of Chancery.