# Wilkinson *v.* Solomon.

### *Statutory Detinue by Mortgagee, against Purchaser from Mortgagor.*

1. *Possession of mortgage by mortgagor, as evidence of payment; rights of innocent sufferers, as between themselves, from wrongful act of third person.*—Possession of the mortgage and secured note by the mortgagor of personal property, after the law-day, is presumptive evidence that it has been paid and satisfied, and enables him to convey a good title to a purchaser, as against the claim of the mortgagee, although no entry of satisfaction has been made on the record; the principle applying in such case, that when one of two innocent persons must suffer by the wrongful act of a third person, he must bear the loss who gave the wrongdoer the means and power to do the wrongful act.

2. *Same; sub-purchaser with notice, from purchaser without.*—The purchaser from the mortgagor, in such case, being entitled to protection against the claim of the mortgagee, a sub-purchaser from him is also entitled to protection, although he had notice, before paying the purchase-money, that the mortgage was in fact not satisfied.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by H. Z. Wilkinson against E. W. Solomon, to recover a mare, with damages for her detention; and was commenced on the 21st January, 1887. The plaintiff claimed the mare under a mortgage executed by F. M. Gafford to W. W. Wilkinson, which was given for advances to make a crop, conveyed the said mare, crops to be grown, &c., was dated July 9th, 1881, and duly recorded; and which was transferred by said W. W. Wilkinson to plaintiff, by written assignment dated July 6th, 1885. The defendant claimed under a purchase from Brooks Brothers, who bought from said F. M. Gafford. It was shown on the trial, as appears from the bill of exceptions, that Gafford delivered to said W. W. Wilkinson, in the fall and winter of the year 1881, cotton enough to pay and satisfy the mortgage on the mare and other property, and Wilkinson thereupon delivered up to him the mortgage and secured note; but, a few days afterwards, the cotton was claimed by Daniel & Smith, under a prior mortgage, and Wilkinson paid the proceeds of sale to them, after suit instituted by them against him. When Gafford sold the mare to Brooks Brothers, he showed them the mortgage to Wilkinson, and told them that

it had been satisfied; but the defendant, before he paid the
purchase-money to Brooks Brothers, was notified by Wil-
kinson that his mortgage was in fact unsatisfied; and no
entry of satisfaction was ever made on the record.   On these
facts, the court charged the jury, if they believed the evi-
dence, they must find for the defendant.   The plaintiff ex-
cepted to this charge, and he here assigns it as error.

J. C. RICHARDSON, for appellant.—The record of Wilkin-
son's mortgage was constructive notice to every purchaser;
and never having been satisfied in fact, nor any entry of
satisfaction made, no purchaser from Gafford can claim pro-
tection against it.   The delivery of the cotton by Gafford to
Wilkinson was a fraud on the latter, and no purchaser from
Gafford can derive any rights under it.   Moreover, the de-
fendant paid the money in his own wrong, after being notified
in fact that the mortgage to Wilkinson was unsatisfied.

R. E. STEINER, contra, cited Turner v. Flinn, 72 Ala. 532;
Herbert v. Huie, 1 Ala. 18; Smith v. Smith, 15 N. H. 55;
Johnson v. Nations, 26 Miss. 147; Herman on Chattel Mort-
gages, § 174.

CLOPTON, J.—The undisputed facts are, that about or
shortly after the maturity of the note secured by the mort-
gage, from which plaintiff derives title to the property in con-
troversy, the mortgagor delivered to the mortgagee several
bales of cotton, of value sufficient to satisfy the mortgage
debt, which the mortgagee received in satisfaction, and de-
livered the mortgage, which included the evidence of the
debt, to the mortgagor.   While the mortgagor was thus in
possession of the mortgage, he sold the property sued for to
Brooks & Co., for a valuable consideration, to whom he at
the time showed the original mortgage, and stated that he
had paid the same.   The defendant purchased from Brooks
& Co.   The mortgagee, afterwards, and after suit had been
instituted against him, paid the proceeds of the cotton to
Daniel & Smith, who held a superior lien.   The mortgagor's
possession of the note and mortgage was prima facie evi-
dence of its payment and discharge, though no entry of
satisfaction was made on the margin of the record thereof.
On the presumption of payment arising from the possession
of the mortgage, a purchaser from the mortgagor may rely.
The mortgagee and purchaser may both be innocent parties;

[Wetzler v. Kelly & Co.]

but, in such case, the mortgagee, who furnished the mortgagor with the means and power to do the wrong, must bear the consequences.—*Turner v. Flinn*, 72 Ala. 530. The vendee of the first purchaser, though he may have had notice of the invalidity of the payment before paying the purchase-money, may protect himself by his vendor's want of notice.

Affirmed.