# Hassell v. Hassell *et al.*

*Bill in Equity to enforce Vendor's Lien.*

1. *Lien of mortgage; when superior to vendor's lien.*—Where, in the sale of lands, the purchaser agrees to pay as a part of the consideration thereof, a debt secured by mortgage upon said lands, and gives his note for the balance of the purchase money, if, subsequently, the mortgagee accepts from the purchaser a new mortgage upon the said lands, in payment of the prior mortgage, and marks the same satisfied,

[Hassell v. Hassell *et al.*]

such mortgagee still retains a superior lien to that held by the owner of the note given for the purchase money, and the vendor's lien can not intervene and become paramount thereto.

APPEAL from the County Court of Tuscaloosa.

Tried before the Hon. J. J. MAYFIELD.

The bill in this case was filed by the appellant, Sallie V. Hassell, against the appellees, William T. Hassell and Amanda Snow.

Amanda was the wife of James A. Snow, deceased, and acquired the mortgage and note made by W. T. Hassell to James A. Snow.

The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The prayer of the bill was for a decree declaring that the complainant had a vendor's lien for the balance of the purchase money of the lands involved in the controversy, and as evidenced by said note, and that said lien be fastened upon the lands to secure the payment of said note.

On the final submission of the cause on the pleadings and proof, the chancellor rendered a decree dismissing the bill. From this decree the complainant appeals, and assigns the rendition thereof as error.

FOSTER & OLIVER, for appellant.—J. A. Snow having not only acquired his mortgage with notice of the appellant's vendor's lien, but having assented to its being a first lien, took his mortgage subject to such vendor's lien; and Amanda Snow occupied no better position than James A. Snow.—*Wilks v. Appling*, 119 Ala. 297.

Mortgages, being nothing more than secured debts, are personal property and descend to the personal representatives, and the heirs of J. A Snow are not necessary parties; and the administrator, having, under order of court, transferred the mortgage to Amanda Snow, the administrator was not a necessary party.—*Waring v. Lewis*, 53 Ala. 615; *Van Hoose v. Bush*, 54 Ala. 342; *Baldwin v. Hatchett*, 56 Ala. 461.

[Hassell v. Hassell *et al.*]

HENRY A. JONES and ROBISON BROWN, *contra*.

TYSON, J.—Samuel L. Hassell, husband of complainant, was the owner of the tract of land upon which the present bill seeks to fasten a vendor's lien in favor of the complainant. He seems to have been indebted to various parties aggregating the sum of $500; and for the purpose of paying his debts he made a sale of the land to W. T. Hassell, the consideration of the sale being that the purchaser should assume the payment of these debts. Among the creditors were the complainant and J. A. Snow, who was the husband of the respondent Amanda Snow, and who was present when the sale was consummated.

The debt due by the vendor to his wife, the complainant, was an unsecured demand, not evidenced by any writing. The debt owned by Snow was evidenced by a note executed by complainant and her husband which was secured by a mortgage upon the land, the subject-matter of the sale. The purchaser could pay no money to the various creditors, and by agreement between all the parties he was to be substituted in the place of the vendor. Pursuant to this agreement the purchaser executed a mortgage upon the land to Snow for the amount due him, and the note and mortgage held by Snow executed by the complainant and her husband was surrendered and cancelled, which is shown by an indorsement in these words: "Satisfied by giving new mortgage." After ascertaining the indebtedness of complainant's husband to his various creditors, including Snow's debt and excluding the complainant's, to be $371, the note here sought to be enforced was executed to the complainant for the balance due as purchase money for the land."

Conceding for the purposes of his case that the complainant was in no wise personally liable for Snow's debt and that it was alone her husband's debt, we have upon the facts above stated a case of an exchange of one form of security for another for the same debt. Notwithstanding Snow's cancellation and surrender of the vendor's mortgage which was a superior lien upon the land as against the complainant, Snow's superior

[Moore v. Williams *et al.*]

equity will be still preserved in full force and vitality. This is but the application of the equitable doctrine that in exchanging one form of security for another for the same debt, no other lien can intervene and become paramount thereto.—*Jones v. Davis*, 121 Ala. 348; *Scott v. Land Mortgage Co.*, 127 Ala. 161.

It is averred in the amendment to the bill, presumably to relieve the case from the influence of the principle we have just announced, that Snow consented and agreed that the lien of the note held by the complainant should be a prior lien to his mortgage. This allegation is attempted to be proven by one Baker, who acted as scrivener in drawing the papers when the land was sold by complainant's husband to Hassell. But he is shown to be of doubtful reputation for truth. Besides his testimony on this point is not only pointedly contradicted by the testimony of other witnesses, but it contravenes the known conduct of ordinarily prudent business men. It would have been strange indeed for Snow, holding as he did a first mortgage upon the land, to have surrendered it for another, agreeing, without consideration, that the one taken by him in lieu of the first should be subordinated to the lien of the note given to the plaintiff.

We are of the opinion that the evidence fails to establish any such agreement.

Affirmed.