# Crosthwaite *v.* Lebus.

*Action to Recover Commissions as Broker.*

(Decided April 10, 1906.   41 So. Rep. 853.)

1. *Brokers; Right to Commission; Performance of Contract.*—In order to entitle a broker to a commission for making a sale, he must act strictly within the stipulations and conditions of the contract of agency, and according to the authority conferred upon him by the principal.

2. *Same.*—Evidence in this case examined and held to show the failure of the broker to comply with the terms of his agency.

3. *Estoppel; In pais; Elements.*—An essential element to an estoppel in pais is a knowledge of the fact on which the estoppel is sought to be predicated, in the party to be estopped.

4. *Same; Presumption.*—An estoppel in pais is never presumed. It must be proven.

APPEAL from Birmingham City Court.

Heard before HON. CHARLES W. FERGUSON.

Action by J. D. Crosthwaite v. Lewis Lebus, to recover commissions for an alleged sale of real estate. The pleadings and the facts are sufficiently stated in the opinion.

JAMES A. MITCHELL and FRANK DEEDMEYER, for appellant.—The court erred in not permitting the witness Dangaix to answer the question, if he was ready, willing and able to take and pay for the property in question.—*First National Bank v. Claire,* 118 Ala. 246; *Romano v. Brooks,* 39 So. 213; *McDermott v. Mahoney,* 93 N. W. 499. A broker's duty does not require him to draw and attend to the execution of the contract between his employer and the customer.—23 A. & E. Ency. of Law, 903; *Fitzpatrick v. Gilson,* 176 Mass. 477; *O'Connor v. Semple,* 57 Wis. 243. A broker is entitled to his commission when he has procured a party ready, able and willing to purchase upon the owner's terms although the agent has not made a binding contract of sale with such purchaser.—*Scott v. Clark,* 54 N. W. 538; *Doty v. Miller,* 43 Barb. 529; *Cook v. Frost,* 116 Ala. 397, and if he procure such purchaser, he is entitled to his commission notwithstanding the fact that the owner may fail or refuse to consummate the sale.—*Cassidy v. Seeley,* 69 Iowa 509; 23 A. & E. Ency. of Law, 919.

UNDERWOOD & THACH, for appellee.—In order that a broker may be entitled to commissions, he must find a purchaser in a sitaution ready and willing to complete the purchase according to the terms imposed by the seller.—*Lunney v. Healy,* 44 L. R. A. 593 and note. A substantial variance will defeat his right of recovery.—Authorities supra; *Gallatt v. Ridge,* [1]17 Mo. 553; *Nesbitt v. Helves,* 49 Mo. 383. If a sale is not authorized in the first instance, there can be no recovery unless it is ratified by the principal, and the principal must know the terms before he can be said to have ratified it.—Authorities supra; *Ford v. Brown,* 120 Cal. 551; *Stillman v. Fitzgerald,* 37 Minn. 186. Plaintiff did not sell on the terms proposed by the seller.—4 Am. & Eng. Ency. of Law (2nd Ed.) 987; *Siebold v. Davis,* 25 N. W. 778. The notes were made payable on or before and therefore did not comply with the terms.—*Jackson v. Badger,* 35 Minn. 52; *Dana v. Farley,* 38 Minn. 106; *Monson v. Kell,* 33 N. E. 44.

[Crosthwaite v. Lebus.]

TYSON, J.—This cause was tried by the court without the intervention of a jury. The action is on the common counts to recover commissions for the sale of real estate. Two defenses are invoked: (1) That the sale was not consummated according to the terms prescribed by the principal; and (2) that the plaintiff was doing a real estate brokerage business and had not procured state and county license to carry on such business.

The terms of sale prescribed by the principal are contained in a letter from him to plaintiff, and may be briefly stated as follows: "I will let you sell it for the best price you can get, but not less than $6,000.00, one-third cash, balance in one and two years, interest at rate of 6 per cent. on deferred payments, or all cash, at option of purchaser. * * * Also that the purchaser pay a proportionate amount of the taxes for the current year." The plaintiff procured a prospective purchaser, and the memorandum of sale was as follows (after describing the property and acknowledging receipt of $100 as part payment): "It is understood that the price and terms of sale are as follows: Two thousand dollars ($2,000.00) cash (less $100.00 here receipted for), and the balance of four thousand dollars ($4,000.00) evidenced by notes, $2,000.00 each, payable on or before one and two years, respectively, and bearing interest at the rate of 6 per centum. * * * The seller to furnish at his own expense an abstract of title to said property. (Signed) Lewis Lebus, per J. G. D. Crosthwaite, Agent." The sale was not consummated; the seller refusing to make the deed upon the terms noted in memorandum of sale.

The rule is well settled that a broker is not entitled to commissions until he has performed the undertaking assumed by him. The right to compensation depends upon a performance of the stipulations and conditions of the contract of agency, and the broker must act strictly according to the authority conferred upon him by the principal.—19 Cyc. pp. 240, 241, and notes. Did the plaintiff do this? We think not. The notes for the deferred payments were to be made payable on or before one and two years. No stipulation for a payment of a

proportionate part of the taxes for the current year was contemplated, and the seller was to furnish an abstract of title at his costs.

The question to which an objection was sustained did not hypothesize the terms of sale upon which defendant agreed to sell the property, but contained entirely different stipulations from those prescribed by him. There was, therefore, no error in the ruling of the court. One of the essential ingredients of an estoppel in pais is knowledge of the facts upon which the estoppel is sought to be predicated. No knowledge on the part of the defendant was shown. On the contrary, it appears that defendant was not informed by plaintiff that the attempted sale by him was upon terms different from those prescribed by defendant. Indeed, it appears that defendant for the first time learned of this difference after this action was commenced. An estoppel is never presumed, but must be proven.

Entertaining these views, it is unnecessary to consider the other assignments of error.

Affirmed.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., cur.