(98 South. 186)

SULLIVAN v. WILLIAMS et al. (8 Div. 565.)

(Supreme Court of Alabama. Nov. 29, 1923.)

Mortgages ⬳181—Priority of mortgage lien held not destroyed by recording satisfaction thereof and taking new mortgage to permit sale of portion of premises.

Where, in order to permit the sale of a part of mortgaged lands, mortgagee surrendered the note and mortgage and had the mortgage satisfied of record, and as part of the same transaction received a new mortgage on the same lands, exclusive of the tract sold, to secure a new note for the balance due on the original note less the amount received for the tract sold, without intending, as between mortgagor and mortgagee, to destroy the original mortgage lien, the lien of the original mortgage was not discharged or released so as to make the new mortgage inferior to a second mortgage executed prior to the new mortgage; Code. § 4898, providing that recording satisfaction of the mortgage bars all suits thereon, not applying to this transaction.

Appeal from Circuit Court, Franklin County; Chas. P. Almon, Judge.

Bill by Robert L. Sullivan against T. W. Carpenter and W. J. Williams to establish the priority of a mortgage. From a decree for respondents, complainant appeals. Affirmed.

W. L. Chenault, of Russellville, for appellant.

Satisfaction of a mortgage, being in form absolute, cannot be varied or explained by parol. 8 Ency. Ev. 769, 770; New Eng. Mortg. Co. v. Hirsch, 96 Ala. 232, 11 South. 63.

E. B. & K. V. Fite, of Hamilton, and Travis Williams, of Russellville, for appellees.

A second mortgage on the same lands, for the same debt, postponing the law day of the mortgage, is neither payment nor discharge of the lien of the first mortgage. Boyd v. Beck, 29 Ala. 705; Miller v. Griffin, 102 Ala. 610, 15 South. 238; Higman v. Humes, 127 Ala. 404, 30 South. 733; 27 Cyc. 1413; Helmetag v. Frank, 61 Ala. 67.

SOMERVILLE, J. On October 30, 1919, W. J. Williams and wife executed their note for $3,000 to the appellee Carpenter, and secured it by executing to him a mortgage on certain lands. This note was due on November 1, 1921.

In order to permit the sale and conveyance by said W. J. Williams of a part of these lands to one J. C. Williams—$1,500 of the purchase price to be paid on the note due to Carpenter—Carpenter surrendered the note and mortgage to W. J. Williams, and also caused an entry to be made on the record

that it had been "paid and satisfied." This entry of satisfaction on the record was made on November 27, 1920. As a part of this plan, upon the payment of the $1,500 by J. C. Williams on November 20, 1920, W. J. Williams and wife had on that date executed to Carpenter a new mortgage on the same lands, exclusive of the tract sold to J. C. Williams, to secure the balance due on the original note for $3,000 after it had been credited with the payment of $1,500, the balance, with interest, being $1,701.44, for which a new note was then given, payable three months after date.

In the meantime, on September 4, 1920, the said W. J. Williams and wife had given their note for $550 to the appellant, Sullivan, and for its security had on the same date executed to him a mortgage on 100 acres of the same lands included in the two mortgages executed to Carpenter on October 30, 1919, and November 20, 1920, respectively.

The appellant foreclosed his mortgage of the date of September 4, 1920, and the appellee foreclosed his mortgage of the date of October 20, 1920, and the sole question presented by the record is upon the priority of their respective mortgage liens and their titles based thereon.

The law applicable to such cases has been clearly stated by this court, speaking through McClellan, J. (afterwards, C. J.), as follows:

"Whether the taking of the second mortgage is a payment of the first depends upon the intention of the parties. When no receipt is given as for the amount secured by the first mortgage, and no release thereof is executed, the presumption is that the later notes and mortgage were not intended to pay and discharge the earlier. When such receipt is given or release executed, the contrary presumption obtains. But this is only a prima facie presumption. It may be met and overturned, whatever the form of the paper writing relied on as evidencing payment and discharge, by proof of an intent of the parties that the receipt or release was not to operate according to its expressed terms, but was executed for other purpose than to show the satisfaction of the mortgage debt and release of the mortgage lien. Code, § 2774; Carroll v. Corbett, 57 Ala. 579; Smith v. Gayle, 58 Ala. 600; Cowan v. Sapp, 74 Ala. 44." N. E. M. Sec. Co. v. Hirsch Bros., 96 Ala. 232, 234, 11 South. 63, 64.

Our examination of the evidence in the record convinces us that the release was given and the satisfaction entered of the first mortgage (dated October 30, 1919) solely for the purpose of permitting and facilitating the sale of some of the mortgaged lands to J. C. Williams; and that notwithstanding the formal release and satisfaction of that debt and mortgage, there was no intention, as between the mortgagor and the mortgagee, to supersede and destroy the original lien, but only to restate the balance due, and change the date of its maturity and payment.

A case which well illustrates the liberality of this rule and its application will be found in Higman v. Humes, 127 Ala. 404, 30 South. 733. It is of no consequence that Carpenter thought he had lost his priority, if indeed he so thought and stated.

Counsel for appellant conceives that section 4898 of the Code, in its provision (with respect to the entry of the fact of payment and satisfaction on the record of a mortgage on demand of the mortgagor, or any creditor, or purchaser from him) that "such entry operates a release of the mortgage, * * * and is a bar to all suits thereon at law or in equity," is fatal to its continued operation as a lien in favor of the mortgagee claiming under a renewal mortgage.

To this contention it may be answered that the entry here in question was not made on the demand of the mortgagor, nor of any creditor of or purchaser from him, but only by agreement for a special purpose, and with the clear intention of keeping alive the debt and its mortgage security, under the form of a renewal note and mortgage. And, it may be further answered, this is not a suit on the original mortgage.

We agree with the findings of the trial court, and the decree appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.