139 So. 238

**BANK OF OAKMAN v. THOMPSON et al.**

**6 Div. 984.**

Supreme Court of Alabama.

Jan. 14, 1932.

Davis & Curtis, of Jasper, for appellees.

R. A. Cooner, of Jasper, and S. T. Wright, of Fayette, for appellant.

FOSTER, J.

Appellees concede that the mortgage now held by Alice Thompson was, when executed, inferior to that of complainant executed on the same day, to wit, May 14, 1926. If contained on its face a recital to that effect. The mortgage given to complainant on June 11, 1927, was executed after the record of said inferior one, and, to the extent at least that it secured a new debt presently contract-

ed for which the first mortgage made no provision (Farmers' Union Warehouse Co. v. Barnett [Ala. Sup.] 137 So. 176 [1]), it became subordinated to said theretofore inferior mortgage. It was to that extent an entirely new transaction. While the record of a second mortgage is not notice to a first mortgagee, and may not affect its priority by a renewal, it is notice to the extent that a new debt is created to which the first mortgage made no reference. So that, when complainant took its second mortgage dated June 11, 1927, it had notice of that claimed now by Alice Thompson, and to the extent that it secured a debt then contracted was subordinate to such mortgage.

The bill is therefore without equity, and subject to demurrer to that extent, and such demurrer was properly sustained.

But the bill as amended also seeks to revive complainant's first mortgage to establish its priority over that of respondent Alice Thompson and to decree its foreclosure. When its second mortgage of June 11, 1927, was taken, it marked "paid" said first mortgage, and surrendered it to the mortgagors. The bill alleges that it was not paid in fact, but it was merely renewed by including the amount of it in the second mortgage. It was not satisfied on the record, nor was there a formal receipt or release executed.

Along with many other courts, we have followed the principle that whether the taking of the second mortgage is a payment of the first depends upon the intention of the parties, and, where the purpose is simply a renewal and extension of the old debt, the second mortgage will not constitute a payment of the first, though it may have been so marked and surrendered to the mortgagor. Higman v. Humes, 127 Ala. 404, 30 So. 733; Hassell v. Hassell, 129 Ala. 326, 29 So. 695; Sullivan v. Williams, 210 Ala. 363, 98 So. 186, 33 A. L. R. 147, note 149; N. E. M. S. Co. v. Hirsch, 96 Ala. 232, 11 So. 63.

From this principle it is also observed in the cases and annotations that, when such second mortgage is given in renewal and not in payment of the first, though it is marked "paid" and surrendered, this will not in equity affect the priority of such first mortgage over those which intervened, unless the subsequent lienholder has acted to his prejudice in the matter by relying upon the apparent discharge of the senior lien. 33 A. L. R. pages 152, 164, 165. While it is suggested in brief of appellee that such reliance was had and acted upon by this subsequent lienholder, that fact is not shown in the bill. Unless thus shown, it must be set up as defensive matter.

The bill sufficiently alleges that the first mortgage was not paid, but renewed, though on its face it is so indicated. The bill therefore shows an equitable right to restore its priority over the second lienholder.

Appellees also insist that such equitable relief is not due complainant to the extent of its first mortgage because the second mortgage was foreclosed under its power of sale. As between complainant and the mortgagors, the second mortgage evidenced their relations and its foreclosure concluded the status between them. But, as between complainant and the subsequent mortgagee, its effect is controlled by their respective equitable priorities.

Assuming that the lien of complainant's first mortgage continued in equity superior to the subsequent one, we are unable to see how their relations are and can be affected by the foreclosure of the subsequent mortgage. If such first mortgage continues in effect, it preserves its integrity as such and superior standing over the second mortgage, and it has not been foreclosed. The second mortgagee has by such mortgage an equity of redemption, not cut off or affected by the foreclosure of a mortgage subordinate to it. So that complainant has the right thus to re-establish the superiority of its mortgage, and, if it succeeds in doing so, that fact fixes its status as the holder of a superior mortgage not foreclosed in so far as concerns the rights of the second mortgagee, leaving an equitable right to foreclose it as against the equity of such redemption held by such second mortgagee. The bill seeks to accomplish both purposes, which are clearly equitable in nature.

But it has not been foreclosed. Respondent Alice Thompson has been in possession since the purchase at her foreclosure sale, enjoying the rents and profits. To that extent as to the superior mortgage, she occupies the position of a mortgagor in possession before foreclosure.

"The rule is well established in such cases that, until the mortgagee does actively intervene for the purpose of intercepting the rents, incomes, and profits of the mortgaged estate, these belong to the mortgagor, and upon such intervention after the law day, either by notice to tenants of the mortgagor to pay rents to the mortgagee, by the latter's entry for condition broken, or by the appointment of a receiver at the suit of the mortgagor, on a bill averring insufficiency of the mortgaged property to pay the debt and praying the interception of the rents for that purpose, such only of the rents, incomes, and profits as have not accrued—such only as do accrue after such notice, or entry, or appointment of a receiver—may thus be intercepted, and be applied to the mortgage debt. Scott v. Ware, 65 Ala. 174; Johnston & Stewart v. Riddle, 70 Ala. 219; Lehman Brothers v. Tallasee Mfg. Co., 64 Ala. 567; Childs v. Hurd [32 W. Va. 66], 9 S. E. 362; Ohmer v. Boyer, 89 Ala. 273, 281, 7 So. 663; Falkner v. Camp-

---

[1] 223 Ala. 435.

bell Mfg. Co., 74 Ala. 359; Comer v. Sheehan, 74 Ala. 452; McMillan v. Otis, 74 Ala. 560." Alabama Nat. Bank v. Mary Lee Coal & Rwy. Co., 108 Ala. 288, 19 So. 404, 407.

The bill in this case does not show the insufficiency in value of the property to pay the alleged first mortgage, and the necessity to claim rents and profits for that purpose, nor an interception of them by the appointment of a receiver. In the absence of such averments, it cannot claim them as against the holder under the second mortgage in possession under his mortgage, or the purchaser at foreclosure sale of the same. The demurrers addressed to such aspect of the bill were properly sustained.

We have shown that complainant foreclosed its second mortgage under the power of sale and became the purchaser, but it does not appear that the amount bid at the sale was less than the mortgage debt. This included the first mortgage in so far as the mortgagor was concerned. Their rights and relations are controlled by the foreclosure sale. The bill does not show a right to a judgment over pursuant to such foreclosure, because it does not allege the existence of such balance. None can be decreed against the mortgagors in favor of complainant on account of the foreclosure now sought, for that does not affect them. They are not improper parties in order to adjudge and decree the rights between complainant and Alice Thompson respecting mortgages which such defendants executed to them respectively.

The demurrers of J. Sam Sides and Mabel Sides, the mortgagors, to that aspect of the bill which seeks a personal judgment against them, were properly sustained.

The decree of the circuit court is therefore without error. In order for complainant to proceed, the aspects of the bill which are objectionable should be eliminated by amendment, for which the decree made due provision.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

