163 So. 614

**BANK OF OAKMAN v. THOMPSON et al.**
**6 Div. 664.**

Supreme Court of Alabama.
Oct. 17, 1935.

R. A. Cooner, of Jasper, and S. T. Wright, of Fayette, for appellant.

J. J. Curtis, of Jasper, for appellees.

GARDNER, Justice.

Under the amended bill, filed following the former appeal on demurrer (Bank of Oakman v. Thompson, 224 Ala. 87, 139 So. 238), complainant bank seeks a foreclosure of a mortgage on the real estate therein described, executed by one Sides on May 14, 1926, recorded June 9, 1926, and to have established its priority over the mortgage made by said Sides to one Kropp on May 14, 1926, which latter mortgage (covering the same property) on its face acknowledged the priority of the mortgage to the said complainant bank. The mortgage to Kropp was not paid at maturity (May, 1927), and a renewal note was executed (June 15, 1927) as an extension of the mortgage, and on the same date for a cash consideration of $1,300, the original and renewal notes to Kropp, together with the mortgage, were by separate instrument duly transferred to defendant Alice Thompson.

Upon consideration of the proof, the chancellor was persuaded that the circumstances accompanying the renewal note to Kropp and the transfer thereof with the mortgage to defendant Alice Thompson sufficed to create against complainant an estoppel so as to deny to its mortgage the priority here sought.

Briefly reviewed, these circumstances are as follows: When the mortgage to complainant bank became due, Sides, the mortgagor, was unable to pay, and desired not only an extension of time, but additional funds as well. The cashier of the bank, who had full charge of its affairs, referred the matter to the loan committee and the application was granted. A new note and mortgage were executed on June 10, 1927, by Sides to the bank for the combined sum of the original debt and the additional money advanced. Upon the execution and delivery of this new note and mortgage to the bank (recorded on June 16, 1927), the cashier then delivered the old note and mortgage to Sides, the mortgagor, marked "paid," though no satisfaction was entered on the record. Kropp, as previously noted, was aware of the original bank mortgage and of its priority over his own. But with the note and the original mortgage to the bank in his possession marked "paid," Sides, the mortgagor, proceeded to apply to Kropp for further extension of time, the Kropp mortgage being then past due. Kropp then reminded Sides of his indebtedness to the bank, and hesitated as to a renewal of his note. Sides replied, "No, that has been paid," and referring to the bank note and the original mortgage said, "Yes, I have taken them up." Kropp inquired, "Where are they?" and Sides then produced from his pocket the note and mortgage each marked "Paid." Thereupon Kropp granted the extension by having Sides execute a renewal note and attached it to his mortgage. On the same day (and prior to the recordation of the bank's new mortgage) Kropp sold and duly transferred the renewal note and his original mortgage to defendant Alice Thompson for a cash sum of $1,300, at the time exhibiting to her the original bank mortgage marked "Paid," which said mortgage was delivered to her together with the transfer papers.

The complainant bank insists that the new note and mortgage were intended only as an extension of the old and not in satisfaction thereof, and that this delivery to the mortgagor marked "Paid" was an inadvertence and a mistake.

Whether to be considered as a mere extension or as a payment of the old mortgage is a matter of intention of the parties (Bank of Oakman v. Thompson, 224 Ala. 87, 139 So. 238), and from the proof here offered a question not free from difficulty (New England Mortgage Security Co. v. Hirsch, 96 Ala. 232, 11 So. 63). We pass it by without further consideration,

and conceding the new mortgage was intended as an extension of the old, yet we are persuaded priority of the bank's mortgage was correctly denied upon the theory of estoppel, as stated by the chancellor, and as well supported by the two authorities (Turner v. Flinn, 72 Ala. 532; Wilkinson v. Solomon, 83 Ala. 438, 3 So. 705, 706), found cited in his helpful opinion which accompanies the decree.

It is clear beyond question that Kropp was moved to grant an extension and accept a renewal note because of the fact the mortgagor had in his possession and exhibited the note and mortgage of the bank marked "Paid," and that Alice Thompson purchased for cash the Kropp renewal note and his mortgage upon the strength of the statement that the bank mortgage had been satisfied, the original of which, marked "Paid," was delivered to her at the time of the purchase. True the record was not marked "Satisfied," but these parties had a right to rely upon the possession of the mortgagor of the note and mortgage marked "Paid." As said in Wilkinson v. Solomon, supra: "The mortgagor's possession of the note and mortgage was prima facie evidence of its payment and discharge, though no entry of satisfaction was made on the margin of the record thereof. On the presumption of payment arising from the possession of the mortgage, a purchaser from the mortgagor may rely. The mortgagee and purchaser may both be innocent parties, but in such case the mortgagee, who furnished the mortgagor with the means and power to do the wrong, must bear the consequences." Like thought is expressed in Turner v. Flinn, supra: "The law simply utters the suggestion of common sense and justice, in declaring that, 'when one of two innocent persons must suffer from the tortious act of a third, he who gave the aggressor the means of doing the wrong must bear the consequences of the act.'"

These authorities sufficiently refute complainant's argument that notwithstanding the exhibition of the note and mortgage marked "Paid," a further duty rested upon this defendant to make inquiry or search the record, for they establish the principle that the possession of these instruments by the mortgagor constitutes a prima facie case of payment, and upon which the purchaser had a right to rely.

We have examined the authorities noted by complainant (among them Dewyer v. Dover, 222 Ala. 543, 133 So. 581; Mary Lee Coal Co. v. Winn, 97 Ala. 495, 12 So. 607; 21 Corpus Juris, 1129 and 1172; Pattillo v. Tucker, 216 Ala. 572, 113 So. 1; Crosthwaite v. Lebus, 146 Ala. 525, 41 So. 853), but find nothing in them that militates against the conclusion here reached.

Upon the authorities first above noted, which we consider as in principle directly here in point, the decree denying priority to complainant's mortgage is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.