165 So. 233

FIRST NAT. BANK OF ONEONTA et al. v. LAFON.

6 Div. 760.

Supreme Court of Alabama.

Jan. 16, 1936.

J. T. Johnson, of Oneonta, for appellants.

404

P. A. Nash, of Oneonta, for appellee.

GARDNER, Justice.

The bill seeks the foreclosure of two mortgages executed by defendant Perry Dover to the Oneonta Guaranty Company, one of February 4, 1926, and the other of February 4, 1929; the first embracing one tract of land therein described, and the second the same land and another tract in addition thereto.

Defendant First National Bank is made a party in order to adjudicate the matter of superiority of complainant's mortgages over that given said defendant bank by the mortgagor in May, 1927, on the same property. The mortgage to complainant of February 4, 1926, was on record at the time defendant First National Bank acquired its mortgage. The chancellor granted to complainant relief in part, that is, established superiority only of its mortgage of February 4, 1926, over that of defendant bank, and from this decree defendants prosecute this appeal.

Defendants insist complainant's mortgage of February 4, 1926, was paid, and the mortgagor so testifies. The theory of complainant is that said mortgage was not paid but renewed, the amount due thereon being carried forward into the mortgage of 1929, when an additional loan was made.

The testimony of the secretary and treasurer of the Oneonta Guaranty Company tends to sustain this theory, and is expressly to the effect that at the time of this removal nothing whatever was paid, "not a dime," to use his expression.

The appeal, therefore, presents but a question of fact. To discuss the proof would serve no useful purpose. Suffice it to say it has been read and studied with care. We find the testimony of the mortgagor as to payment of this indebtedness unsatisfactory, and as we view it unsupported by the record evidence. On the other hand, that of complainant's secretary, without, so far as here appears, any personal interest in the result, is clear and emphatic that nothing was paid. Nor can we discover from a consideration of the other proof, including witness Johnson, upon which defendants place some reliance, anything of material consequence in aid of defendant's theory of the case.

Nor have we overlooked the fact that upon the execution of the 1929 mortgage complainant's secretary delivered to the mortgagor the mortgage of 1926, having previously given a receipt pending the return of the mortgage from the state treasurer where it appears to have been on deposit at the time.

These facts, it is true, suffice to raise a prima facie presumption of payment, but it is prima facie only and is subject to be overturned when it is made to appear that the parties did not so intend, but instead intended a renewal only. Whether to be considered as a mere extension or as a payment is a matter of intention of the parties to be gathered from all the proof. Bank of Oakman v. Thompson (Ala.Sup.) 163 So. 614;[1] Burns v. Burns, 228 Ala. 61, 152 So. 48; Bank of Oakman v. Thompson, 224 Ala. 87, 139 So. 238; Sullivan v. Williams, 210 Ala. 363, 98 So. 186, 33 A.L.R. 147; Higman v. Humes, 127 Ala. 404, 30 So. 733.

Upon a consideration of the whole proof, we find ourselves in accord with the finding of the chancellor that in fact nothing was paid when the mortgage of 1929 was executed, and that it was intended as security for the sum then advanced and for the amount due on the 1926 mortgage, which was intended by the parties to be in this manner renewed and extended. As previously noted, the 1926 mortgage to the Oneonta Guaranty Company was on record when defendant bank took its mortgage, and there is no question here, as in Bank of Oakman v. Thompson (Ala.Sup.) 163 So. 614,[1] of any one having acted to his prejudice by reason of such renewal and extension, nor is there any such insistence here.

---

[1] Ante, p. 73.

It results, therefore, that in our opinion the decree is correct, and should be here affirmed.

It is so ordered.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

