JONES, Justice.
Bay Minette Production Credit Association (“PCA”) appeals from a declaratory judgment determining the priority of certain recorded mortgages and judgment liens encumbering the title to a parcel of property located in Baldwin County. We affirm.
The facts in this case are undisputed. Paula Payne owned an approximately five-acre parcel of land located in Baldwin County.[1] As of September 16, 1985, the record title to the subject property, in pertinent part, reflected:
1) A 1981 note and mortgage from the Paynes to Clyde Sellars[2] at 8 percent interest per annum with a partial release clause providing that one acre would be released for each $8,000 paid;
2) a 1982 mortgage from the Paynes to Citizens’ Bank (“Citizens”); and
3) a 1983 mortgage from the Paynes to SouthTrust Bank of Baldwin County (“SouthTrust”).
The mortgages ranked in priority in accordance with the dates upon which they were executed.
Prior to September 16, 1985, Don Hartman offered to purchase approximately two acres of the property for $30,000. In order for this sale to be consummated, the two acres had to be released from the mortgages that encumbered the title to the property. Although there was a partial release clause'contained in the first mortgage whereby Virkler was entitled to receive $16,000 in exchange for executing the partial release, Citizens and SouthTrust, whose mortgages did not contain a partial release clause, refused to execute releases from their mortgages.
To facilitate the sale of the two acres to Hartman, Virkler agreed to accept $8,000 in exchange for executing a release of the two acres, and Payne agreed to execute a new mortgage at an increased interest rate of 12V2%, securing the balance of the debt less the $8,000, plus $1,746 in expenses from the transaction. Payne agreed to pay Citizens’ $10,000 and to pay SouthTrust $12,000 in exchange for their executing partial releases of the property from their respective mortgages.
To ensure that the new Payne/Virkler mortgage retained the same priority as the original Payne/Sellars mortgage, Citizens’ and SouthTrust agreed to execute mortgage subordination agreements. On September 17, 1985, the following instruments were recorded, respectively:
1) At 3:20 p.m., a mortgage cancellation by Virkler, cancelling the 1981 mortgage to Sellars.
2) At 3:21 p.m., a new mortgage from Payne to Virkler at an increased interest rate of 12½ percent.
3) At 3:22 p.m., a mortgage lien subordination agreement between Citizens’ and Payne.
4) At 3:23 p.m., a mortgage lien subordination agreement between SouthTrust and Payne.
However, unknown to Virkler and the other mortgagees, PCA had obtained a judgment against Paula Payne and, at 8 a.m. on September 17, 1985, PCA had recorded its certificate of judgment against the subject property. Therefore, upon its filing, PCA’s judgment lien ranked fourth in priority.
Payne’s mortgage payments to Virkler became delinquent; therefore, Virkler foreclosed the new Payne/Virkler mortgage. *1048 Citizens’ filed a declaratory judgment action seeking a judicial declaration that its mortgage had secondary priority and, therefore, that it had the right to redeem the property from Virkler. Pertinent to this appeal, PCA filed a counterclaim against Citizens’ and a crossclaim against Virkler and SouthTrust,[3] contending that, upon the cancellation of the original Payne/Sellars mortgage, the PCA judgment lien advanced in rank of priority ahead of the new Payne/Virkler mortgage, and that, as a result of the subordination agreements executed by Citizens’ and SouthTrust, the PCA judgment lien became first in priority. The trial court held that the priority of the mortgages and judgment liens was not affected by the cancellation of the original Payne/Sellars mortgage and the filing of the new Payne/Virkler mortgage. We agree, and we affirm the trial court’s judgment.
The recording of a release in satisfaction of a debt secured by a mortgage is not conclusive evidence of the actual payment of the mortgage. Bank of Oakman v. Thompson, 224 Ala. 87, 139 So. 238 (1932). Rather, we must look at the intent of the mortgagee and mortgagor in executing the instrument declaring the debt satisfied, together with the surrounding circumstances. In Sullivan v. Williams, 210 Ala. 363, 98 So. 186 (1923), this Court, in a case factually almost identical to the case at bar, held that where, in order to permit the sale of a part of mortgaged lands, the mortgagee surrenders the note and mortgage and has it satisfied of record, and, as part of the same transaction, receives a new mortgage on the same land exclusive of the tract sold to secure a new note for the balance due, without intending (as between the mortgagee and mortgagor) to destroy the original mortgage lien, the lien of the original mortgage is not released so as to make the new mortgage inferior to an encumbrance recorded prior to the new mortgage, unless the subsequent lienholder has acted to his prejudice by relying upon the apparent discharge of the senior lien. Accord, Burns v. Burns, 228 Ala. 61, 152 So. 48 (1933). See, generally, Annot., 33 A.L.R. 147 (1924).
In the instant case, it is clear from the record that the release was given and the cancellation of the first mortgage entered solely for the purpose of facilitating the sale of the two acres to Hartman; and, notwithstanding the recordation of the cancellation of the original Payne/Sellars mortgage, there was no intention as between Virkler and Payne to destroy the original lien, but an intent only to restate the balance due and to adjust the rate of interest on the note. Furthermore, there is no evidence that PCA relied on the cancellation, for it was entered on the record subsequent to PCA’s recording its judgment lien.
PCA contends that, by adjusting the rate of interest and adding the various expenses of the transaction to the new nóte, Virkler effectively renegotiated the terms of the mortgage to such an extent that it constituted a novation, and, therefore, lost its priority. This argument is untenable; the Court recognized in Sullivan that such minor variances in the new mortgage are of no consequence. Furthermore, it is not apparent from the record that PCA’s rights have been prejudiced by the tacking on of the expenses of the transaction between the parties.
The judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.

. Upon acquisition of the subject land, title was taken in the names of Paula Payne and Weldon Payne, her husband. Subsequently, title was transferred solely to Paula Payne; however, Weldon Payne remained liable on the note and mortgage, and he signed the new note and mortgage that are the subject of this appeal.

. Clyde Sellars died and Susan S. Virkler succeeded as the mortgagee on the Payne/Sellars mortgage.

. SouthTrust chose not to litigate this case, and the trial court granted SouthTrust’s “motion to be excused from trial attendance.”