ALMON, Justice.
Stephens Wholesale Building Supply Company, Inc. (“Stephens Wholesale”), appeals from a summary judgment entered by the trial court in favor of Birmingham Federal Savings and Loan Association (“Birmingham Federal”), Miguel A. Die-guez III, and Nanette M. Dieguez in its action brought to establish a materialman’s lien and to declare the materialman’s lien superior to certain recorded mortgages encumbering the title to a certain parcel of residential property.
The parties stipulated to the following facts: On April 17, 1987, as security for a construction loan, Birmingham Federal acquired a mortgage (“the April mortgage”) in the amount of $84,000 on the subject lot from Franklin Properties, Inc., Linda G. Hayden, and Stewart J. Hayden. At that time, the Haydens and Franklin Properties owned the subject lot. From May 8, 1987, through July 13, 1987, Stephens Wholesale furnished materials to construct a new residence on the lot pursuant to a contract between Stephens Wholesale and Franklin Properties. On September 8, 1987, the Haydens and Franklin Properties executed a warranty deed conveying all their interest in the subject lot to Franklin Properties. Also on September 8, 1987, Birmingham Federal recorded “an additional mortgage” (“the September mortgage”) on the lot in the amount of $92,800. The September mortgage was executed only by Franklin Properties. Along with the September mortgage, Franklin Properties executed a new promissory note to Birmingham Federal. The Haydens were released at that time from all liability to Birmingham Federal. Stephens Wholesale filed a verified statement of a materialman’s lien on the subject lot on November 13, 1987, and, on December 30, 1987, filed this action to perfect the lien.
Thereafter, Franklin Properties defaulted on its mortgage payments to Birmingham Federal. Birmingham Federal advertised foreclosure of the April mortgage and, at the foreclosure sale on April 29, 1988, purchased the property for $57,000, which satisfied the debt of Franklin Properties. On October 18, 1988, Birmingham Federal conveyed the property to the Die-guezes by warranty deed. Birmingham Federal acquired and recorded a mortgage from the Dieguezes simultaneously with their purchase. This matter was submitted to the trial court on the stipulations of the parties, and the trial court held that Stephens Wholesale’s lien was subordinate to that of Birmingham Federal. It is from that judgment that Stephens Wholesale now appeals.
Stephens Wholesale contends that its ma-terialman’s lien is superior to any interest of Birmingham Federal and the Dieguezes because, it says, Birmingham Federal substituted the September mortgage from substantially different borrowers for the prior April mortgage. It contends that the September transaction necessarily satisfied the April mortgage and thus destroyed the lien of Birmingham Federal that was prior to Stephens Wholesale’s lien. See Ala.Code *872 1975, § 35-11-211, regarding priority of such liens.[1]
Birmingham Federal[2] responds with the argument that its lien did not become subordinated to Stephens Wholesale’s lien, because, it argues, the parties to the original promissory note and the April mortgage did not intend that the execution and delivery of the September note and mortgage would satisfy and extinguish the first ones. According to Birmingham Federal, the intent behind the execution of the September mortgage was to release the Haydens from their financial obligation to Birmingham Federal so that they could purchase a different house, but to preserve Birmingham Federal’s lien by retaining Franklin Properties as a mortgagor.
In Higman v. Humes, 127 Ala. 404, 30 So. 733 (1900), a case involving a factual situation very similar to the present one, this Court considered the effect of a subsequent mortgage on the order of priority of encumbrances on a parcel of land. Harris C. Higman, Newton B. Hall, and George Smith executed a mortgage to Milton Humes on January 14,1888. In connection with the subsequent foreclosure of that mortgage, Humes and Harris C. Higman entered into an agreement whereby Harris C. Higman would purchase the encumbered land at the foreclosure sale and a execute new note and a new mortgage to secure the payment of the note. The original mortgage was foreclosed, and on February 4, 1896, the mortgage entered into between Harris C. Higman and Humes pursuant to their agreement was recorded. However, subsequent to the original mortgage from Harris C. Higman, Hall, and Smith to Humes, but prior to the mortgage from Harris C. Higman to Humes, Harris C. Higman executed a mortgage on the same parcel of land to John Higman, Jr. The mortgage from Harris C. Higman to John Higman, Jr., was recorded on November 5, 1889. In holding that Humes’s lien was entitled to priority over the lien of John Higman, Jr., the Court set forth the criteria for determining whether the original mortgagee loses his priority over subsequent mortgagees when he takes a “second” or replacement mortgage but does not release the original mortgage:
“Whether the taking of the second mortgage is a payment of the first depends upon the intention of the parties. When no receipt is given as for the amount secured by the first mortgage, and no release thereof is executed, the presumption is that the later notes and mortgage were not intended to discharge and pay the earlier.”
Higman, supra, 127 Ala. at 408, 30 So. at 734, quoting New England Mortgage Security Co. v. Hirsch, 96 Ala. 234, 11 So. 63 (1892). In a line of cases following Hig-man, this Court has continued to say that courts must look to the intent of the parties to determine whether the taking of a replacement mortgage extinguishes the prior mortgage. See Bay Minette Production Credit Association v. Citizens’Bank, 551 So.2d 1046, 1048 (Ala.1989) (courts “must look at the intent of the mortgagee and mortgagor in executing the instrument declaring the debt satisfied, together with the surrounding circumstances” to determine if there has been an “actual payment of the mortgage”); First National Bank of Oneonta v. Lafon, 231 Ala. 403, 165 So. 233 (1936) (delivery of the original mortgage to the mortgagor was not conclusive proof that the original mortgage had been paid); Burns v. Burns, 228 Ala. 61,152 So. 48 (1933) (the satisfaction of a mortgage is open to explanation by the parties); Sullivan v. Williams, 210 Ala. 363, 98 So. 186 (1923) (Court looked to the intent of the parties to the mortgages even though a formal release and satisfaction of the prior mortgage had been recorded).
*873 In the present case, Franklin Properties and the Haydens executed the original mortgage to Birmingham Federal. The parties to that original mortgage subsequently entered into an agreement whereby Franklin Properties executed a new mortgage on the subject lot and the Hay-dens were released from their obligation to Birmingham Federal. Birmingham Federal contends that the priority of the original mortgage was not relinquished because, it says, the intent of the parties in executing the replacement mortgage was not to discharge the original mortgage, but, rather, was to allow the Haydens to be released from their obligation on that mortgage so that they could purchase a different house.
The evidence in the record supports this contention. First, no satisfaction of the April mortgage was ever recorded. Further evidence of Birmingham Federal’s intent in releasing the Haydens and entering into the second mortgage is the following deposition testimony of Ben Hendrix, Birmingham Federal’s loan officer who handled the second mortgage:
“Q. Do you know the reason why a second closing occurred with a new mortgage and a new note executed instead of simply a release of Mrs. Hayden on the debt obligation?
“A. ... [T]he reason that we did it is to release the Haydens of the debt obligation but not to jeopardize the bank’s position in releasing its first lien position.”
Stephens Wholesale argues that its lien should be entitled to priority over Birmingham Federal’s mortgage because, it says, the September mortgage involved “substantially different borrowers” from the prior April mortgage. We find no merit in this argument. Franklin Properties was a mortgagor on both the April mortgage and the September mortgage. The release of the Haydens from the April mortgage is equivalent to the situation in several of the cases cited above of a release of a portion of the mortgaged property by the execution of a replacement mortgage. Under the holdings of the cases cited above, Birmingham Federal’s lien acquired through the April mortgage was not extinguished by the execution of the September mortgage.
After reviewing the evidence and considering the circumstances of this case, we conclude that the trial court correctly entered the summary judgment in favor of Birmingham Federal.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.

. Stephens Wholesale contends that the September satisfaction of the April mortgage means that there was no valid foreclosure of that mortgage. Compare § 35-11-211(b), which extinguishes a materialman's lien upon foreclosure of a prior mortgage, and see Bailey Mortgage Co. v. Gobble-Fite Lumber Co., 565 So.2d 138 (Ala.1990).

. The Diguezes, as subsequent purchasers of the subject lot, join in the arguments asserted to this Court by Birmingham Federal.